*Court of Appeals, Third Circuit, Parish of St. Charles.*

### O. J. FLAGG *v.* EDMOND ROBERTS *et al.*, Appellants.

1. There being no special law governing the opening and adjournment of Courts of Appeal, section 3575 of the Revised Statutes must control; and in the absence of the judges on the first day of the term, the sheriff must adjourn from day to day for three days.

2. The want of the necessary parties to the appeal will *ex proprio motu* be noticed by the Court.

*Appeal from the Twenty-sixth Judicial District Court, Parish of St. Charles.   Hahn, Judge.*

*James D. Augustin* for appellants.
*H. F. Sewell* and *A. Shaw* for appellee.

BLAKE, J.—This case was called in its order on the docket, on the third day of the term, when the objection was raised by the appellants, that the regular term of this Court having lapsed, any action now taken would be *coram non judice*—the argument being that owing to the absence of both of the judges on the first day of the term, the sheriff, uninstructed by the judges, exceeded the bounds of his authority by opening and adjourning court to the day following; that this was not strictly a ministerial act, but the exercise of a judicial function, which the sheriff had no authority to perform.

Section 3575 of the Revised Statutes, provides: "In case the judge should not appear on the first day of any term, the sheriff * * * shall adjourn the court from day to day, for not more than three days." * * * * *

This is the general law of the State, governing all courts, and in the absence of any special law regulating the opening and adjournment of Courts of Appeal, must control and serve as a guide to sheriffs as to this Court.

The sheriff acted properly, and in simple discharge of his clearly defined ministerial duty, when he adjourned the Court of Appeals to the day following, on failure of the judges to appear on the first day of the term.

The order of appeal in this case was granted on application out of term time, with direction that appellees be cited before the Appellate Court.

It nowhere appears that this formality was complied with, nor in any manner waived, and there is no attempt made to remedy this defect. *Ex proprio motu* we will notice the want of the proper parties to this appeal.

The appellees not being legally before us, we cannot adjudicate upon their rights.*

It is, therefore, ordered that this appeal be dismissed at appellants' costs.

---

* See Becker *v.* Quick, p. 111 ; Grivot *v.* Waples, p. 191.—Rep.